UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JOYCE LIVESAY, | ) | | |
| --- | --- | --- | --- |
| Petitioner, | ) | | |
| v. | ) | Case Nos. | 2:14-CR-131 |
| | ) | | 2:16-CV-172 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is *pro se* petitioner Joyce Livesay's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 69].[1] Livesay conspired with her son, Trinity Livesay, to travel to Atlanta, Georgia, obtain multi-ounce quantities of methamphetamine, and return to northeast Tennessee to resell the methamphetamine for profit. On March 9, 2014 during a traffic stop in Hawkins County, Livesay instructed a co-conspirator to discard containers from the car. These containers had false compartments containing 7.2 grams of actual methamphetamine. Following her arrest, Livesay placed a call to her son and co-conspirator instructing him to remove methamphetamine from her residence. A search warrant was executed on the residence and law enforcement seized $3,285 in cash drug proceeds; but the drugs that had previously been in the residence had been removed at Livesay's instruction. On May 21, 2015, Livesay pleaded guilty to conspiracy to distribute and possession with intent to distribute at least 5 grams of methamphetamine [Doc. 34].

---

[1] In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts (§ 2255 Rules), the Court has considered all of the pleadings and filings in Petitioner's motion. The Court has also considered all the files, records, transcripts, and correspondence relating to Petitioner's conviction. All citations to the record are found on the criminal docket in Case No. 2:14-CR-131-PLR-MCLC-1.

1

This Court sentenced Livesay to a mandatory minimum sentence of 60 months imprisonment followed by 4 years of supervised release [Doc. 66]. Livesay did not appeal her conviction or sentence. Livesay did file a Motion under 28 U.S.C. § 2255 to vacate and set aside her conviction and sentence [Doc. 69]. Livesay asserts that her attorney was constitutionally ineffective on several grounds, that her guilty plea was involuntary, and that her sentence was improperly calculated and illegal. The government filed a response [Doc. 84].

## I. THE § 2255 MOTION

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Livesay presents five bases for ineffective assistance of counsel in her § 2255 motion: (1) that counsel presented no defense; (2) that counsel explained very little; (3) that counsel did no investigation; (4) that counsel engaged in no discovery; and (5) that counsel did not review the Presentence Report. Further, Livesay asserts that, due to ineffective assistance of counsel, her guilty plea was involuntary; and, further, that her sentence was unlawfully above guidelines without explanation and the sentencing guidelines were not properly calculated.

It is the opinion of this Court that none of these claims warrant relief.

### A. Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying the Strickland test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); see also *Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Further, the petitioner has the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing that "burden of proving ineffective assistance of counsel is on the petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

### 1. Failing to Present a Defense

Livesay claims that Donna Bolton, her attorney throughout the proceedings, was ineffective for failing to present a defense. However, Livesay does not assert any defense that counsel could have raised. Further, Livesay affirmed that her counsel advised her as to any defense she had to the charges against her. [Doc. 80, Plea Tr. at 5]. Likewise, Livesay affirmed that she understood what she was pleading guilty to and that she was in fact guilty. [*Id.* at 11–12]. If there is a defense that counsel should have asserted and that failure to do so prejudiced Livesay, it is Livesay's burden to establish what that defense would have been. Livesay has neither established that counsel rendered ineffective assistance or that any prejudice ensued. Regardless, because Livesay received the statutory mandatory minimum sentence of five years as a result of pleading guilty to a lesser included offense, Livesay was not prejudiced by the alleged conduct.

### 2. Explaining Very Little

Livesay accuses counsel of "explain[ing] very little," but Livesay does not identify what aspect of her case was deficienctly explained. [Doc. 69 at 4]. Similarly, Livesay does not assert that she would have pursued a different course had she understood some aspect of the case more completely. Therefore, there is no substance for this Court to review, and accordingly this claim is without merit. *See United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness or how it might have altered the outcome of the case).

4

Further, Livesay affirmed to this Court that her attorney advised her of the nature and meaning of the charges against her, explained the indictment, specifically advised her about every element of the offenses that the government needed to prove, advised her as to any defenses she had, explained the terms of the plea agreement to her, and, lastly, that she was satisfied with her attorney's advice and representation. [Doc. 80, Plea Tr. at 5–6.] Livesay's prior affirmations contradict her present claim and she has not carried her burden to prove ineffectiveness or ensuing prejudice. Indeed, "'the defendant is bound by h[er] statements in response to th[e] court's inquiry,'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696–97 (5th Cir. 1976)), because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### 3. Failing to Conduct an Investigation

Livesay also claims that counsel failed to conduct an investigation of her case. However, Livesay previously affirmed that she had told her lawyer everything she knew about the case and that she believed her lawyer was fully aware of all the facts upon which the charges were based. [Doc. 80, Plea Tr. at 4–5]. Attorneys certainly bear "'the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence,'" *Ramonez v. Berghuis*, 490 F.3d 482, 487 (6th Cir. 2007) (quoting *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005)), and failure to do so may constitute ineffective assistance. *See, e.g.*, *Noble v. United States*, No. 2:10-CR-51-JRG, 2018 WL 4441240, at *12 (E.D. Tenn. Sept. 17, 2018). But, Livesay expressed satisfaction with counsel's advice and representation, which includes investigation of the facts divulged by Petitioner. [Doc. 80, Plea Tr. at 5–6].

Regardless, even ignoring Livesay's prior statements in court and presuming that counsel did not investigate Livesay's case, Petitioner does not assert what independent investigation was

5

necessary or any exculpatory evidence that an investigation would have revealed. Without any facts to support a notion of ineffectiveness or prejudice, this claim is meritless. *See e.g.*, *Robson*, 307 F. App'x at 911 (declining to review a claim that counsel was ineffective for not conducting further investigation because the record did not show what information could have been further investigated, what that investigation would have shown, or how it might have alternated the outcome).

### 4. Failing to Conduct Discovery Review

Livesay asserts that "[n]o discovery review . . . was done." [Doc. 70 at 1]. But Livesay does not indicate what discovery counsel failed to review or perform or how further discovery would have altered the outcome of Livesay's sentence.

During the change of plea hearing, Livesay affirmed the factual basis of her guilty plea and affirmed that she was, in fact, guilty. [Doc. 80, Plea Tr. at 8–11]. Livesay also affirmed that she told her lawyer everything she knew about the case and that she believed her attorney was fully aware of all the facts upon which the charges were based. [*Id.* at 4–5]. Livesay has not established a basis to overcome the presumption of "reasonably professional assistance," *Strickland*, 466 U.S. at 689, or asserted any possible prejudice from a failure to conduct discovery.

### 5. Failing to Review the Presentence Report

Lastly, Livesay asserts that her attorney failed to review the Presentence Report. However, during the sentencing hearing, Livesay affirmed that she had the opportunity to read the Presentence Report *with* her attorney. [Doc. 76, Sentencing Tr. at 4]. Further, counsel filed two objections to the Presentence Report dealing with detailed nuances of the application of the sentencing guidelines to Livesay's case. [Doc. 64]. Petitioner's claim is contradicted by her own statements and counsel's efforts on Petitioner's behalf and, consequently, is meritless.

In sum, Livesay's own prior statements contradict her claims that her attorney was ineffective by failing to present a defense, by explaining very little, by failing to conduct an investigation, and by failing to review the Presentence Report. *See Blackledge*, 431 U.S. at 73–74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") Likewise, Livesay has not pleaded a sufficient factual basis to overcome the presumption of "reasonably professional assistance," *Strickland*, 466 U.S. at 689, or meet her burden of establishing prejudice for any of her ineffective assistance of counsel claims. Further, Livesay's plea agreement ultimately resulted in a mandatory minimum sentence of five years for a lesser included offense, half of the mandatory minimum sentence for the originally charged offense. Consequently, all of the bases for Livesay's ineffective assistance of counsel claim are without merit and do not warrant an evidentiary hearing or relief.

**B. Involuntary Plea**

When a § 2255 petitioner asserts ineffectiveness of counsel as a basis for an involuntary plea, the burden is on the petitioner to demonstrate that she did not understand the nature of the constitutional rights she was waiving. *See Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976). Bald assertions do not suffice to carry this burden; factual support must be given. *See, e.g.*, *Parks v. United States*, No. 1:08-CR-58, 2013 WL 427256, at *6 (E.D. Tenn. Feb. 4, 2013).

Here, Livesay's involuntary plea claim is built on the assertion that that, "[d]ue to the ineffectiveness of counsel and [her] failure to explain anything," her plea was involuntary. [Doc. 70 at 1]. However, even extrapolating Livesay's factual allegations from her ineffective assistance of counsel claim, Livesay has not pleaded specific facts to establish ineffectiveness or insufficient counseling. Without any factual basis to support what exactly was not understood by

7

Livesay or explained to her, Livesay has not sufficiently abided § 2255 Rule 2(c)(2)[2] nor met her burden. *See, e.g.*, *Parks*, No. 1:08-CR-58, 2013 WL 427256, at *6–7.

Further, Livesay's previous statements to the court contradict her claim. Livesay affirmed that she was in fact guilty of the factual allegations set forth in the plea agreement. [Doc. 80, Plea Tr. at 11–12]. Further, she affirmed that she discussed the case with her attorney who explained the charges, the elements of the case that the government was required to prove beyond a reasonable doubt, the defenses available, and the terms of the plea agreement. [*Id.* at 5–6]. Likewise, Petitioner's counsel affirmed that she was confident that Petitioner understood the charges, their elements, and the meaning of the Indictment. [*Id.* at 6]. Further still, Petitioner affirmed that she was satisfied with her attorney's representation. [*Id.* at 5–6]. In short, Petitioner's prior statements to the court undermine her claim that her plea was involuntary. *See Blackledge*, 431 U.S. at 74.

### C. Sentencing Claims

Because Livesay's guilty plea was made pursuant to a plea agreement in which Livesay waived the right to bring a direct and collateral appeal, several procedural barriers arise against Petitioner's claims other than ineffective assistance of counsel. However, even without the procedural barriers, Petitioner's claims are without merit. Each claim will be addressed in turn.

#### 1. Safety Valve Points

Livesay asserts that, under *Pawlak v. United States*, 822 F.3d 902 (6th Cir. 2016), the door has been opened to "challenge the guidelines directly." [Doc. 70 at 1]. Consequently,

---

[2] Rule 2(c)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "§ 2255 Rules") requires petitioners to "state the facts supporting each ground" for relief. Here, as in *Parks*, the unsupported assertion does not satisfy this requirement.

Livesay asserts that her guideline range should have included a reduction of two "safety-valve" points, and two "drug crime" points. [Doc. 69].

In the Sixth Circuit, defendants must assert sentencing guideline error claims "in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also United States v. Calderon*, 194 F.3d 1314 (6th Cir. 1999) (Table). Petitioners may not collaterally attack sentencing guidelines on the grounds that they are constitutionally vague. *Beckles v. United States*, 137 S. Ct. 886 (2017) (abrogating *Pawlak*, 822 F.3d 902). Additionally, a criminal defendant may "waive any right, even a constitutional right," by means of a plea agreement. *Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir. 2001) (quoting *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001)). Accordingly, "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).

Here, three grounds prohibit relief on this claim. First, Livesay agreed "not [to] file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence." [Doc. 31, Plea Agreement at 6, ¶ 10(b)]. While Livesay claims that her plea was involuntary, and, by presumption, that her waiver was involuntary, Livesay affirmed that she understood the constitutional rights that she was giving up in the plea agreement. [Doc. 80, Plea Tr. at 5–6]. Consequently, Livesay waived this claim in the plea agreement.

Second, *Beckles v. United States*, 137 S. Ct. 886 (2017) abrogated *Pawlak*, short-circuiting this claim and Livesay's attempt to frame a sentencing guideline challenge as a constitutional concern on collateral attack.

9

Third, this claim fails on its merits. As to the safety-valve points under USSG § 5C1.2, Livesay, through counsel, raised this argument prior to sentencing, [Doc. 64], later withdrawing the argument. [Doc. 76, Sentencing Tr. at 2–3]. Even if this Court had granted such a reduction, the statutory minimum sentence for the crime to which Livesay pleaded guilty was 60 months. 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(B). Consequently, no sentence reduction could have occurred on the basis of the safety-valve provision of the sentencing guidelines.[3] As to the drug crime points, this claim likely refers to Amendment 782 to the United States Sentencing Guidelines. Amendment 782 reduced the statutory penalties for certain drug offenses by two levels, effective November 1, 2014. Because Livesay was sentenced in December 2015, after Amendment 782 was incorporated into the Sentencing Guidelines, she already received the full benefit of Amendment 782.

### 2. Illegal Sentence

Livesay also asserts that her "sentence itself was above guidelines and [Federal Rule of Criminal Procedure 32(h)] was not provided for," [Doc. 70 at 1], resulting in a sentence "above guidelines without cause." [Doc. 69 at 8].

Under Fed. R. Crim. Proc. 32(h), prior to any departure from the applicable sentencing guidelines not previously referenced in the presentence report, "the court must give the parties reasonable notice that it is contemplating such a departure. . . [and] specify any ground on which the court is contemplating a departure."

---

[3] Sentencing Guidelines present a sequential process for calculating a sentencing range. USSG § 1B1.1. Here, Petitioner's base offense level was calculated under § 2D1.1. PSR 6, ¶ 17. A two-level increase resulted from Petitioner's obstruction of justice under § 3C1.1. *Id.* at ¶ 21. A three-level reduction followed for Petitioner's acceptance of responsibility under § 3E1.1. *Id.* at ¶¶ 24–25. This resulted in an initial range of 46 to 57 months imprisonment. *Id.* at 12, ¶ 55. This range was then eclipsed by the statutory mandatory minimum sentence of 60 months under § 5G1.1(b). *Id.* at 12–13, ¶¶ 54–55.

Here, Livesay's illegal sentence claim fails for two reasons. First, as with the prior sentencing claim, Livesay waived this claim through her plea agreement. [Doc. 31, Plea Agreement at 6, ¶ 10(b)]. Second, as discussed prior, the statutory mandatory minimum sentence of 60 months eclipsed the initial guideline range under USSG § 5G1.1(b), as outlined in the Presentence Report. [Doc. 40, Presentence Investigation Report at ¶¶ 54–55}. Not only is Fed. R. Crim. Proc. 32(h) inapplicable here, but Livesay had ample notice of the potential sentence she faced by pleading guilty.

In sum, neither of Livesay's claims collaterally attacking her sentence provide a basis for relief because they are procedurally waived and substantively deficient.

## II.     Conclusion

As such, Petitioner is not entitled to relief under § 2255, a hearing is unnecessary in this case, and a Judgment will enter **DENYING** the Motion [Doc. 69].

**IT IS SO ORDERED.**

**ENTER:**

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**