UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:14-CR-131-KAC-CRW-1 |
| JOYCE LIVESAY, | ) ) ) |
| Defendant. | ) |

**<u>ORDER TERMINATING SUPERVISED RELEASE</u>**

This case is before the Court on Defendant's Motion for Early Termination of Supervised Release [Doc. 91]. On May 21, 2015, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) [Doc. 31 at 1; *see also* Doc. 34]. On December 9, 2015, the Court sentenced Defendant to a total term of sixty (60) months' imprisonment, followed by four (4) years' supervised release [Doc. 66 at 2-3]. Defendant was released from the custody of the Bureau of Prisons ("BOP") on February 13, 2019. *Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search by name) (last accessed August 1, 2022).

Defendant moves the Court to terminate the remaining portion of her four-year (4-year) term of supervised release, which is set to expire in or about February 2023 [*See* Doc. 91]. Defendant asserts that she successfully participated in educational programming, drug treatment programing, and emotional health programing, receiving certificates for her accomplishments while in prison [*See id.* at 1; *see also* Doc. 91-1 at 1-11]. Since her release, Defendant asserts that she has "maintained employment," a "stable residence," "kept appointments with [her] therapist,"

1

and fostered "a very close relationship with [her] two children" [Doc. 91 at 1-2]. She also was promoted to a management role at work and spends substantial time "caring for a friend that has terminal cancer" [*Id.* at 1-2]. Defendant attributed her success, in part, to her supervising probation officer, who "help[ed] guide [her] in the right direction" and "help[ed] [her] become a better citizen" [*Id.* at 2].

While the Court was considering Defendant's motion, the United States Probation Office notified the Court of an ongoing investigation in Florida involving Defendant.[1] Defendant informed her supervising probation officer of a police investigation in Florida and told the officer that she expected to be contacted by law enforcement. Because of this investigation, the United States originally opposed Defendant's motion, asserting it was "premature" [Doc. 92]. After thorough investigation, however, the United States Probation Office confirmed that the investigation in Florida is closed and that no charges will be filed against Defendant. For that reason and in consideration of Defendant's "continued compliance with the terms of her supervised release," the United States Probation Office and United States do not now oppose early termination of Defendant's supervised release term [*See* Doc. 93 at 1].

The Court may end a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after considering "the factors set forth in" 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Having considered the pertinent factors, the early termination of Defendant's term of supervised release is warranted by the conduct of Defendant and the interest of justice.

---

[1] This notification and related information are on file with the Court.

Defendant has served all but approximately six (6) months of her four-year (4-year) supervised release term and has complied with the conditions of her release. The instant offense was Defendant's first criminal conviction, and she has no history of violent conduct [*See* Doc. 40, ¶¶ 29–34]. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(D). While incarcerated, Defendant sought out opportunities to help her succeed upon her release, including programing related to drug abuse and emotional health. And, while under supervision, Defendant has maintained employment, maintained stable housing, and kept appointments with her mental health provider. *See* 18 U.S.C. § 3553(a)(2)(D). At this time, it appears that continuation of supervised release would offer no further benefit to Defendant. Supervised release is no longer needed to deter Defendant, and she no longer presents an identifiable risk to the community. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). The Court "is satisfied that [early termination] is warranted by the conduct of the defendant . . . and the interest of justice." 18 U.S.C. § 3583(e)(1).

Accordingly, the Court **GRANTS** Defendant's Motion for Early Termination of Supervised Release [Doc. 91] and **TERMINATES** the remaining portion of Defendant's term of supervised release. It is hereby **ORDERED** that Defendant be discharged from supervision effective immediately.

IT IS SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge